UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES EDWARD MCKINNON, JR.,

    Petitioner,

v.                                Case No. 2:21-cv-808-JES-KCD

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____

## OPINION AND ORDER

This case is before the Court on a pro se 28 U.S.C. § 2254 petition for writ of habeas corpus filed by James Edward McKinnon, Jr. ("Petitioner" or "McKinnon"), a prisoner of the Florida Department of Corrections. (Doc. 1). The Secretary of the Florida Department of Corrections ("Respondent") filed a limited response in opposition to the petition asking the Court to dismiss it as untimely filed. (Doc. 9). McKinnon was provided an opportunity to file a reply (Doc. 7 at 6), but he did not do so.

After carefully reviewing the parties' briefs and the case record, the Court concludes that it cannot reach the merits of McKinnon's claims because his petition must be dismissed with prejudice as untimely filed.

### I.  Background and Procedural History

In 2002, McKinnon pleaded no contest to armed robbery, grand theft of a motor vehicle, and aggravated battery on a person aged

65 or older.  (Doc. 9-2 at 12-17).  The trial court sentenced him to three concurrent terms, the longest of which was fifteen years' imprisonment, followed by five years' probation.  (Id. at 19–28).

McKinnon was released from prison and began serving the probationary portion of his sentence on September 1, 2015.  (Doc. 19-2 at 31).  On December 11, 2015, McKinnon was arrested in Cook County, Georgia for theft by receiving stolen property.  (Id. at 34).  Thereafter, the State of Florida filed an affidavit alleging that McKinnon had violated the conditions of his probation and a warrant was issued for his arrest.  (Id.)

On August 12, 2016, the state circuit court entered an order revoking McKinnon's probation.  (Doc. 9-2 at 39).  The court sentenced him to concurrent terms of sixty and thirty years in prison.  (Id. at 41–53).  On October 6, 2017, Florida's Second District Court of Appeal ("Second DCA") affirmed per curiam without a written opinion.  (Id. at 58).  The appellate court denied rehearing on December 11, 2017.  (Id. at 60).

McKinnon filed a motion for postconviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 Motion") on April 26, 2018.  (Doc. 9-2 at 62).  The postconviction court denied the motion (id. at 64–70), and the Second DCA affirmed per curiam without a written opinion.  (Id. at 75).  The appellate mandate issued on December 4, 2020.  (Id. at 77).

McKinnon provided his 28 U.S.C. § 2254 petition to prison officials for mailing on October 27, 2021. (Doc. 1 at 1).[1]

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for habeas corpus proceedings. 28 U.S.C. § 2244(d). The period begins to run from the latest of four possible start dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). McKinnon does not allege, and the Court's

---

[1] Under the "mailbox rule," a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which—absent contrary evidence—is the date it was signed. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

3

independent review of the record does not suggest, that any of the start times in sections (B)-(D) apply to this petition. Accordingly, the Court calculates the start date of the AEDPA limitations period from the date on which McKinnon's judgment became final. 28 U.S.C. § 2244(d)(1)(A). Here, McKinnon challenges only the revocation of probation, and not his original conviction or sentence. (Doc. 1). Claims arising from the revocation of probation begin to run when the judgment that revoked the probation became final.

**A.   The petition is untimely under 28 U.S.C. § 2244(d).**

The Second DCA denied rehearing on direct appeal of McKinnon's revocation of probation on December 11, 2017. (Doc. 9-2 at 60). Therefore, his judgment and sentence became final on March 12, 2018, when the 90-day period for petitioning for certiorari review expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). Absent statutory or equitable tolling, McKinnon then had one year, or until March 13, 2019, to file his federal habeas petition. See San Martin v. McNeil, 633 F.3d 1257, 1266 (11th Cir. 2011) (recognizing that the AEDPA limitations period begins to run on day after triggering event); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) ("[T]he limitations period should be calculated according to the anniversary method, under which the limitations period expires on the anniversary of the date it began to run." (internal quotation marks omitted))

4

McKinnon did not file his habeas petition until October 27, 2021. Therefore, it was filed 959 days late unless tolling principles apply to render it timely.

### B. McKinnon is not entitled to statutory tolling of the AEDPA statute of limitations.

The AEDPA statute of limitations may be tolled in certain situations. For example, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" towards the AEDPA's one-year statute of limitation. 28 U.S.C. § 2244(d)(2).

On April 26, 2018, McKinnon filed his Rule 3.850 Motion. (Doc. 9-2 at 62). This tolled the statute of limitations after 44 days of the AEDPA limitations period had passed. The clock started again on December 4, 2020, when mandate issued on appeal from the denial of the motion. (Doc. 9-2 at 77). Absent additional tolling motions, the 28 U.S.C. § 2254 petition was due 321 days later, on October 21, 2021. Thus, McKinnon's habeas petition, provided to officials for mailing on October 27, 2021, was untimely.

### C. McKinnon is not entitled to equitable tolling of the AEDPA statute of limitations.

The AEDPA's one-year statute of limitations may be equitably tolled in certain cases. First, equitable tolling may apply if a petitioner shows that he has pursued his rights diligently and

5

that some "extraordinary circumstance" stood in his way to prevent timely filing of his habeas petition. See Holland v. Florida, 560 U.S. 631, 649 (2010).

Next, the Supreme Court has held that a claim of "actual innocence, if proved, serves as a gateway" to overcome the expiration of the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). A claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

McKinnon does not argue that he is entitled to equitable tolling of the AEDPA statute of limitation. Rather, he asserts, without argument or explanation, that his petition was timely filed. (Doc. 1 at 13). And even though he was provided an opportunity to do so (Doc. 7), McKinnon did not reply to Respondent's request to dismiss his petition as untimely.

Finally, even if the Court liberally construes the grounds in his petition as raising claims of actual innocence, McKinnon does not present any new evidence showing that he is actually innocent of the crimes for which he was convicted. See Schlup, 513 U.S. at 324. As a result, McQuiggin's actual innocence exception does not operate to excuse McKinnon's failure to timely file his federal

6

habeas petition.

### III. Conclusion

Based on the foregoing, the Court concludes that McKinnon's 28 U.S.C. § 2254 petition was filed after the expiration of the AEDPA's one-year period for filing such petitions and that he is not entitled to federal review of his habeas claims through any recognized exception to the time bar.

Accordingly, it is ordered that:

1. The 28 U.S.C. § 2254 petition filed by James Edward McKinnon, Jr. is **DISMISSED with prejudice** as time barred.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

### Certificate of Appealability[2]

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional

---

[2] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id.

claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 276 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted). Further, to obtain a certificate of appealability when, as here, dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). McKinnon has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability.

Because McKinnon is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** in Fort Myers, Florida on August 15, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA:  FTMP-2

Copies to:  James Edward McKinnon, Jr.,
Counsel of Record

8